# APPENDIX 1

ELECTRONICALLY FILED - 2021 Feb 16 3:19 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4000742

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND | ) | C/A NO. _____ |

| | | |
|---|---|---|
| Tina Samuel, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| Axcess Financial Services, Inc., | ) | **JURY TRIAL REQUESTED** |
| Life Insurance Company of North | ) | |
| America, | ) | |
| Defendant(s). | ) | |
| _____ | ) | |

The Plaintiff, Tina Samuel, by and through her undersigned counsel, hereby makes the following claims and allegations:

1.  This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et. seq. ("ERISA"), to enforce contractual rights and recover benefits due under an employee benefit plan pursuant to ERISA §502(a)(1)(B), 29 U.S.C.§ 1132(a)(1)(B), and to recover costs and attorney's fees pursuant to ERISA §502(g). 29 U.S.C. §1132(g).

## **JURISDICTION**

2.  This Court has jurisdiction over this action pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

ELECTRONICALLY FILED - 2021 Feb 16 3:19 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4000742

## PARTIES

3.   Plaintiff, Tina Samuel, currently resides in the County of Richland, South Carolina, and is a qualified participant, within the meaning of §3(7) of ERISA, 29 U.S.C. §1002(7), in the Short Term Disability Plan and Long Term Disability Plan for employees of Axcess Financial Services, Inc., both plans being employee benefit plans within the meaning §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  Plaintiff has standing to bring this action under §502(a) of ERISA, 29 U.S.C. §1132(a).

4.   The Short Term Disability Plan for employees of Axcess Financial Services, Inc. (hereinafter "The STD Plan") is designated by Plan/Policy Number LK0751259; and is a qualified employee benefit plan within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).

5.   The Long Term Disability Plan for employees of Axcess Financial Services, Inc. (hereinafter "The LTD Plan") is designated by Plan/Policy Number LK0963516; and is a qualified employee benefit plan within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).

6.   Defendant Axcess Financial Services, Inc.(hereinafter "Axcess") is a corporation. At all relevant times, Axcess was a "fiduciary" of the Plan within the meaning of ERISA, §3(21), 29 U.S.C. §1002(21), and a claims and/or plan "administrator" of the Plan within the meaning of ERISA, §3(16)(A). Axcess was the parent company that owned or controlled the company Plaintiff worked for, Southern Specialties d/ b/a Check 'n' Go.

7.   Defendant, Life Insurance Company of North America (hereinafter "LINA") is a corporation.   At all relevant times, LINA was a "fiduciary" of the Plan within the

2

ELECTRONICALLY FILED - 2021 Feb 16 3:19 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4000742

meaning of ERISA, §3(21), 29 U.S.C. §1002(21), and a claims and/or plan "administrator" of the Plan within the meaning of ERISA, §3(16)(A). LINA was the underwriting company who operated a subsidiary CIGNA who performed claim management and made claims decisions against Plaintiff.

## FACTS

8.  Plaintiff incorporates paragraphs one (1) through fifteen (7) verbatim.

9.  At all relevant times Plaintiff was an employee of Axcess Financial, and was a participant, within the meaning of ERISA §3(7), 29 U.S.C. §1002(7), of the Short Term Disability Plan for employees of Axcess Financial, (hereinafter the "The STD Plan") and Long Term Disability Plan for employees of Axcess Financial, (hereinafter the "The LTD Plan") , which were both provided through her employer, Southern Specialties d/b/a Check 'N' Go.

10. Plaintiff was employed most recently as a Director with Axcess and was an employee of approximately 8 years, when she stopped work due to illness on April 12, 2017 and resigned June 19, 2017.

11. Because Plaintiff suffered from both chest pain and anxiety that led to functional impairment, Plaintiff stopped working as of April 12, 2017, and made a claim for STD benefits (Incident Number 4294662).

12. Defendant denied Plaintiff's claim for STD by letter May 24, 2017, stating "there has been no information received documenting the presence of a significant loss of function beginning April 12, 2017".

ELECTRONICALLY FILED - 2021 Feb 16 3:19 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4000742

13.    Plaintiff appealed this decision, exhausting administrative remedies and received a final denial letter dated  February 16, 2018, stating Plaintiff's medical "would support  functional impairment through April 17, 2017" but not beyond the waiting period.

Because Defendants believed Plaintiff did not have a severe medical issue that would preclude her from working, Defendant denied Plaintiff any STD benefits due under the plan after the waiting period which would have begun April 19, 2017.

14.    Plaintiff also made a claim for Long Term Disability Benefits (Incident Number 4294662-01) due to the same physical ailments of chest pain and anxiety after being admitted to the emergency room April 17, 2017, followed by continued problems with anxiety and insomnia March 16, 2018.

15.    Plaintiff appealed this decision, exhausting administrative remedies and received a final denial letter dated February 7, 2019, stating Plaintiff does not have functional impairment based on clinical records and could perform her regular occupation from June 20, 2017 to the present. Defendant denied Plaintiff any LTD benefits due under the plan after the elimination period which would have begun December 17, 2017.

16.    Defendant acknowledged Plaintiff's medical conditions but failed to appropriately determine that the conditions precluded Plaintiff from performing her own occupation.

17.    Plaintiff exhausted all levels of the grievance process as of February 16, 2018 and February 7, 2019, for STD and LTD claims respectively; and as of the date of this Complaint, Defendants have failed to provide the represented benefits to Plaintiff

ELECTRONICALLY FILED - 2021 Feb 16 3:19 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4000742

that would have been due April 19, 2017 and December 17, 2017, for STD and LTD benefits, respectively.

**FOR A FIRST CAUSE OF ACTION - AGAINST ALL DEFENDANTS**
**(CLAIM FOR BENEFITS DUE)**

18.    That paragraphs one (1) through seventeen (17) are hereby expressly incorporated verbatim.

19.    At all relevant times, Plaintiff was an employee of Axcess and was a participant, within the meaning of ERISA §3(7), 29 U.S.C. §1002(7), of the Axcess Group Short Term Disability Plan.

20.    The benefits due Plaintiff are vested under the Plan and Plaintiff has complied with all conditions and provided the necessary proof of loss in order to receive such Plan disability benefits.

21.    Plaintiff requested that Defendant Plan pay disability benefits due her under the Plans.

22.    Defendants failed to provide such short term and long term disability benefits.

23.    Defendants failed to process the benefit claims of the Plaintiff as a Plan participant and beneficiary in a manner that complied with ERISA §503, 29 U.S.C. §1133, and 29 C.F.R. §560-503-1, et. seq.

24.    Denial of benefits to Plaintiff constitutes a breach of the Plan between Defendants and Plaintiff. Plaintiff seeks reimbursement and compensation for any and all benefits she would have received as a result of Defendants' failure to provide coverage in an amount presently unknown but to be set forth at the time of trial.

ELECTRONICALLY FILED - 2021 Feb 16 3:19 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4000742

25.    Defendants have arbitrarily and capriciously breached the obligations set forth in the Plan. Defendants have arbitrarily and capriciously breached their obligations under the ERISA policy to provide Plaintiff benefits even though Plaintiff's benefits are covered under the terms of the Plan.

26.    As a direct and proximate result of Defendant's conduct in failing to provide coverage and pay benefits to Plaintiff, Plaintiff has been damaged in an amount equal to the amount of benefits to which Plaintiff would have been due from April 19, 2017 and December 17, 2017, for STD and LTD benefits, respectively, to the present under the terms of the Plan plus interest, and the amount Plaintiff will continue to sustain each month until benefits are paid in full.

27.    As a further direct and proximate result of Defendant Plan's actions, it has been unjustly enriched in an amount not known in full by Plaintiff, but upon belief and information, such unjust enrichment approximates the amount benefits due under the terms of the Plan for each month since April 19, 2017 and December 17, 2017, for STD and LTD benefits, respectively, and the amount the Plaintiff will continue to sustain each month until the benefits are paid in full.

28.    As a further direct and proximate result of Defendant Plan's actions, Plaintiff has incurred attorney's fees and other economic and consequential damages in an amount not known in full by Plaintiff but to be determined at trial.

**WHEREFORE** Plaintiff respectfully prays that the Court:

ELECTRONICALLY FILED - 2021 Feb 16 3:19 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4000742

A.    Order that Defendants pay to Plaintiff all Short Term and Long Term Disability benefits accrued from April 19, 2017 and December 17, 2017, for STD and LTD benefits, respectively to the present;

B.    Order that Defendants designate that the Plaintiff was an eligible participant under the Plan at the time of service and to pay the agreed upon costs provided for by the Plan and specifically authorized by the Defendant's agent;

C.    Award Plaintiff attorney's fees and costs of this action pursuant to section 502(g)(1) of ERISA, 29 U.S.C. §1132(g);

D.    Order that Defendants make restitution to the Plaintiff in the amount unjustly gained or in the amount of loss unjustly avoided as the result of their fiduciary breaches and violations of ERISA;

E.    Order that the Defendants pay pre and post judgment interest; and,

F.    Award such further legal of equitable relief as may be just.


WUKELA LAW FIRM

By:    _s/ Pheobe A. Clark_____
**Pheobe A. Clark**    SC Bar No. 75360
Post Office Box 13057
Florence, SC   29504-3057
Phone: (843) 669-5634
Fax:    (843) 669-5150

February 16, 2021



# South Carolina
# Department of Insurance

**HENRY McMASTER**
Governor

**RAYMOND G. FARMER**
Director

Capitol Center
1201 Main Street, Suite 1000
Columbia, South Carolina 29201

Mailing Address:
P.O. Box 100105, Columbia, S.C. 29202-3105

2021-CP-40-00742

February 22, 2021

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
LIFE INSURANCE COMPANY OF NORTH AMERICA
TWO LIBERTY PLACE, 1601 CHESTNUT STREET,
PHILADELPHIA, PA 19192-2362

Dear Sir:

On February 22, 2021, I accepted service of the attached Summons and Complaint on your behalf. I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-5-70. By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 15-9-270. I am not a party to this case. The State of South Carolina Department of Insurance is not a party to this case. It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

**You must promptly acknowledge in writing your receipt of this accepted process to sdubois@doi.sc.gov**. When replying, please refer to File Number 182693, <u>Tina Samuel v. Axcess Financial Services, Inc, et al.</u>, 2021-CP-40-0074287.

By:                                    Sincerely Yours,

Gwendolyn L Fuller                     Raymond G. Farmer
General Counsel                        Director
(803)737-6732                          State of South Carolina
                                       Department of Insurance

Attachment

CC:     Phoebe A. Clark
        Post Office Box 13057
        Florence, SC       29504

ELECTRONICALLY FILED - 2021 Mar 01 2:18 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4000742

ELECTRONICALLY FILED - 2021 Mar 01 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4000742

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND | ) | C/A NO.   2021-CP-40-00742 |

| | |
|---|---|
| Tina Samuel, | ) |
| | ) |
| Plaintiff(s), | ) |
| vs. | ) |
| | ) |
| Axcess Financial Services, Inc., | ) |
| Life Insurance Company of North | ) |
| America, | ) |
| Defendant(s). | ) |
| | ) |

## AFFIDAVIT OF SERVICE BY CERTIFIED MAIL

I, Pheobe A. Clark of Wukela Law Firm, Attorneys for the Plaintiff, hereby certify that pursuant to Rule 4(d)(8) of the *South Carolina Rules of Civil Procedure*, I did serve the  Summons and Complaint in the above entitled action on the Defendant(s), Axcess Financial Services, Inc., by personally placing a copy of the said document(s) in the United States Mail, Certified Mail No. 7018 1130 0001 2482 5430, *Restricted Delivery*, postage prepaid, and addressed to the Agent for service of process and Plan Administrator as follows:

> Axcess Financial Services, Inc.
> **ATTN: Disability Plan Administrator**
> 7755 Montgomery Road, Suite 400
> Cincinnati, OH   45236

1

ELECTRONICALLY FILED - 2021 Mar 01 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4000742

Further that the receipt of the said document(s) was acknowledged by the said Defendant(s) as evidenced by U.S. Postal Service official Return Receipt, duly signed by Jeff Sandlin on February 23, 2021, and the original Return Receipt is attached hereto and made a part hereof.

WUKELA LAW FIRM

By:  _s/ Pheobe A. Clark_
**Pheobe A. Clark**    SC Bar No. 75360
Post Office Box 13057
Florence, SC   29504-3057
Phone: (843) 669-5634
Fax:    (843) 669-5150

March 1, 2021



2